Prank R. Bayger, J.
The defendant is charged with gambling and conspiracy violations of the Penal Law as a result of evidence seized by Buffalo police officers during a search of his residence pursuant to a search warrant issued by a Judge of the Buffalo City Court. That warrant was based upon information and evidence acquired, at least in part, by means of a previously authorized wiretap upon the defendant’s telephone. The defendant has now moved to suppress the People’s use of the evidence acquired upon the execution of those warrants, primarily on the grounds that the eavesdropping warrant was unlawfully issued.
That warrant was issued by a Supreme Court Justice pursuant to article 700 of title T of the CPL and was specifically directed at only those conversations of this defendant and other unknown persons pertaining to violations of sections 225.10, 225.20 and 105.05 of the Penal Law. The warrant further provided that ‘ ‘ there being a conspiracy involved here ’ ’, the "wiretap should not be terminated when such conversations were first obtained but should be continued for a period of 30 days.
*1086 The defendant has argued that the affidavits underlying this warrant failed to show probable cause for its issuance; failed to factually demonstrate why the evidence sought could not be acquired through normal investigative procedures; and failed to justify the continuation of this wiretap beyond the initial interception and acquisition of the described conversations.
CPL 700.10 provides in part: “2. No eavesdropping warrant may authorize or approve the interception of any communication for any period longer than is necessary to achieve the objective of the authorization, or in any event longer than thirty days.”
It is further provided by subdivision 7 of section 700.30, that every warrant must contain a provision specifically directing the termination of the wiretap upon the attainment of the authorized objective, or in any event upon the expiration of 30 days. This warrant contained no such provision and that fact alone might invalidate the warrant. But there are additional deficiencies which should be noted.
Sections 700.10 and 700.30 and other provisions of that article were adopted by our Legislature pursuant to and in conformity with the provisions of the Federal Omnibus Crime Control and Safe Streets Act of 1968 (U. S. Code, tit. 18, § 2510 et seq.) and, like that act, were intended to meet the standards of particularity and other limitations suggested by the Supreme Court in Berger v. New York (388 U. S. 41) and Katz v. United States (389 U. S. 347). Their purpose is to severely limit the scope and duration of any eavesdropping authorization since the lack of meaningful limitations in that regard was found to be a principal fault of our previous statute held to be unconstitutional in Berger. (Code Grim. Pro., § 813-a.)
If our present law is meant to accomplish that purpose and to reflect the meaning and spirit of these Supreme Court decisions, then the guiding principle and ultimate requirement of any eavesdropping warrant must be to minimize, to the greatest extent possible, the invasion of privacies necessarily associated with any eavesdropping. Wiretap authorizations should therefore be strictly limited in duration to no longer a period than is absolutely necessary to accomplish their legitimate objective. (United States v. Scott, 331 F. Supp. 233.)
But in this case the officers were directed to continue this tap for a period of 30 days, the maximum period provided by our law, regardless of how many of the conversations of the type sought to be intercepted were sooner acquired. And this was in spite of the fact that the police officer’s affidavit obviously indicates a belief that the incriminating conversations would be *1087 repeated many times on a daily basis. In such a case it would seem that the continuation of interceptions for 30 days would be unnecessary and improper. (Cf. United States v. Scott, supra.)
Substantially similar authorizations have recently been held invalid in two unreported decisions of the local Federal District Court. (United States v. Joseph, W. D. N. Y., Curtin, J., 1972; and United States v. Todaro, W. D. N. Y., Henderson, Ch. J., 1971.) In each case the warrants under consideration were issued by State courts in the course of gambling and conspiracy investigations pursuant to the identically phrased predecessor of CPL article 700 (Code Grim. Pro., § 814 et seq.). Both warrants were held invalid on the grounds that they authorized a continuation of interceptions for the maximum allowable period of 30 days without justification and without regard to when the investigative objectives were reached. This was held to violate the constitutional standards of Berger (supra) and Katz (supra) and the statutory prohibition of the Federal counterpart to our sections 700.10 and 700.30 (U. C. Code, tit. 18, § 2518).
With respect to the duration of the wiretaps, those warrants were identical in language to the present warrant except for the latter’s inclusion of the phrase “ there being a conspiracy involved here ’ ’ which was apparently inserted in attempted justification for the warrant’s authorization of a 30-day tap. But even if the existence of a gambling conspiracy would justify the continuation of interceptions for such a period, the affidavits underlying this warrant fail to establish a propeí basis for such a finding. Conspiracy requires a corrupt agreement between two or more persons and some overt act in furtherance of that argument. (People v. Bauer, 32 A D 2d 463.) Here there was no factual showing that this defendant was acting in concert with anyone. The officer’s mere suspicion or opinion to the contrary was pure conjecture and was insufficient to establish probable cause. (Cf. Spinelli v. United States, 393 U. S. 410.)
In the opinion of this court, the eavesdropping warrant was invalid because of its failure to include the provision regarding termination required by subdivision 7 of section 700.30, and because its directed continuation for 30 days violates the requirement of subdivision 2 of section 700.10, and the constitutional standards of Berger and Katz. In view of this finding it is unnecessary to consider the other grounds suggested by counsel.